```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 SHOSHANAH KRESIN,

                    Plaintiff,              MEMORANDUM & ORDER
                                             23-CV-3149(EK)(LGD)

              -against-

 MRO CORP.,

                    Defendant.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        Plaintiff Shoshanah Kresin filed this action in New York state court against Defendant MRO Corp. ("MRO"), a healthcare organization. Proceeding *pro se*, Kresin asserted various state law claims against MRO, alleging that it "refused to release copies of Plaintiff's medical records necessary for Plaintiff to act as Executor of the Estate of her late father in a timely manner." Notice of Removal ¶ 2, ECF No. 1. MRO timely removed the case to this Court, invoking its diversity jurisdiction. *Id.* ¶ 3.

        Kresin moved to remand, asserting that she seeks only $60,000 and thus the amount-in-controversy requirement for diversity jurisdiction has not been satisfied. Mot. to Remand 1, ECF No. 5; *see* Pl. Reply 1, ECF No. 13. After initially opposing that motion, MRO indicated its consent to remand, on

the condition that Kresin not seek damages in excess of $60,000. *See* Def. Response 2, ECF No. 11.

Because MRO has not met its burden to establish the requisite amount in controversy, and in light of the parties' representations regarding damages, the Court lacks subject-matter jurisdiction over this matter and remands it to state court.

## I. Discussion

Federal courts are of limited subject-matter jurisdiction. As the party invoking this Court's federal jurisdiction, MRO "bears the burden of establishing jurisdiction" and must do so by a "preponderance of evidence." here. *See Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019); *see also Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 171 (S.D.N.Y. 2003) ("On a motion to remand, the party seeking to sustain the removal . . . bears the burden of demonstrating that removal was proper.").[1]

MRO removed this case pursuant to 28 U.S.C. § 1332, which provides for federal jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

$75,000" and is between "citizens of different states." At issue here is the amount-in-controversy prong.[2] MRO, as the removing party, "has the burden of proving that it appears to a reasonable probability that the claim is in excess of" $75,000. *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994). In determining whether this burden has been satisfied, courts generally "look first to the plaintiff['s] complaint and then to [the defendant's] petition for removal." *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000). Section 1446, moreover, provides that when the initial pleading alleges a specific damages amount, that sum, if "demanded in good faith . . . shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

MRO has failed to meet its burden. Kresin's state court complaint states that she seeks damages "in an amount to be determined at trial but *not less than* $60,000.00." Notice of Removal ¶ 2 (emphasis added). As a basis for removal, MRO argued that the amount-in-controversy exceeds $75,000.00 and that this is "facially apparent from Plaintiff's Complaint" — based in large part on this "not less than" language. *See* Def.

---

[2] The parties apparently do not dispute that diversity of citizenship exists. MRO asserts that Kresin is a citizen of New York, and MRO is a citizen of Pennsylvania (the state of its incorporation and principal place of business). Notice of Removal ¶¶ 5-6.

3

Opp'n to Mot. to Remand 2, ECF No. 8; *see also* Notice of Removal ¶¶ 11-13.

A complaint seeking "not less than" a damages amount below the jurisdictional threshold — in this case, $60,000 — does not, on its own, satisfy the amount-in-controversy requirement. *See Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994); *see, e.g., Audi of Smithtown, Inc. v. Volkswagen of Am., Inc.*, No. 8-CV-1773, 2009 WL 385541, at *7 (E.D.N.Y. Feb. 11, 2009) (remanding case where complaint sought damages "not less than $50,000"); *Kaur v. Levine*, No. 7-CV-285, 2007 WL 210416, at *2 (E.D.N.Y. Jan. 26, 2007) (remanding case where complaint alleged "great mental pain and anguish" and economic loss "greater than" $50,000). Conclusory statements and assumptions in the notice of removal are likewise insufficient for a defendant to show, with "reasonable probability," that the claim exceeds $75,000. *See, e.g., Mehlenbacher*, 216 F.3d at 296; *Audi*, 2009 WL 385541, at *8.

Here, MRO only offers conclusory statements that the amount in controversy is satisfied. Drawing upon the complaint's allegations, the notice of removal generally points to the nature of Kresin's claims and cites the $60,000 damages figure, among other relief to which she might theoretically be entitled. *See* Notice of Removal ¶¶ 7-14. These assertions do not allow the Court to determine, with reasonable probability,

4

that the amount actually in controversy exceeds $75,000.  *See Tongkook Am.,* 14 F.3d at 784.  MRO's suggestion that the precise amount in controversy is ambiguous, *see* Def. Response 2, does not alter (and if anything, further confirms) that conclusion.

In any event, Kresin has now affirmatively represented that the $60,000 damages amount included in her complaint is, in fact, the damages she seeks — in other words, that the amount in controversy falls below the jurisdictional threshold.  *See* Mot. to Remand 1.  Because a "plaintiff's stipulations" may clarify "the jurisdictional facts existing at the time of removal" to the extent that the complaint is ambiguous, Kresin's concession that she seeks $60,000 (and not $75,000) "is dispositive" here.  *See Arter v. Pathmark Stores, Inc.,* No. 14-CV-6933, 2014 WL 7426792, at *2 (E.D.N.Y. Dec. 31, 2014) (remanding case in light of "the lack of definitive evidence" that the amount in controversy exceeded $75,000 and "plaintiff's concession" that her damages fell below that amount).[3]

Because the amount in controversy is less than the jurisdictional threshold, the Court lacks subject-matter jurisdiction, and the case must be remanded.[4]  The Court notes

---

[3] The Court construes this $60,000 damages amount to be "exclusive of interest and costs," consistent with Section 1332.  28 U.S.C. § 1332(a).

[4] Because the Court remands the case pursuant to this Order, it need not address MRO's conditions and requests for remand by stipulation.  *See* Def.

that, given her stipulation to the value of her claim, Kresin is bound by that stipulation as she pursues her case in state court.  See *Arter*, 2014 WL 7426792, at *2.

## II. Conclusion

For the foregoing reasons, this case is remanded to the Supreme Court of the State of New York, County of Nassau. The Clerk of Court is respectfully directed to remand the action, send a certified copy of this Order to the Clerk of that court, and close this case.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   August 10, 2023
         Brooklyn, New York

---

Response 2.  Nothing in this Order, however, prevents MRO from removing the case to federal court in the future, provided it can satisfy the applicable removal requirements.

6